THE STATE EX REL. RICCHIUTO ET AL. *v.* REAGAN ET AL.

[Cite as *State ex rel. Ricchiuto v. Reagan* (1995), 74 Ohio St.3d 11.]

(No. 95–1679—Submitted and decided October 3, 1995.)

*S. David Worhatch,* for relators.

*Walter & Haverfield, Charles T. Riehl, R. Todd Hunt* and *Vincent L. Cheverine,* for respondents Rebecca Reagan, Barbara Berlin, Thomas Good, Kay Hill, John Krum, David McNiff, Jane Waterson and Mary Ann George.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *William E. Schultz,* Assistant Prosecuting Attorney, for respondent Summit County Board of Elections.

On motion for summary judgment, motion to amend complaint, and renewed request for oral argument. *Sua sponte,* writ denied.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent and would grant the writ.

WRIGHT, J., holds his vote until the parties brief the issue of merger.

MOYER, C.J., dissenting. I dissent from the decision of the majority for the reasons stated in my dissent in *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 72 Ohio St.3d 589, 593, 651 N.E.2d 1001, 1004. Both Sections 9 and 14, Article XVIII, Ohio Constitution, are clearly written to facilitate the right of citizens to vote on amendments to city and village charters. Our decision in *Huebner* is wrong; it should be reconsidered and overruled, and the citizens of Hudson Village should be permitted to vote on the proposed charter amendments.

I would grant the writ of mandamus.

COOK, J., concurs in the foregoing dissenting opinion.